UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JASMIN LOPEZ,                                              Case No. 23 CV 2739
                Plaintiff,

   -against-                                                **COMPLAINT**

                                                 JURY DEMAND

THE CITY OF NEW YORK, P. O. DANA K.
LADSON [SHIELD # 10196], P.O. JAMAL I.
MOYE [SHIELD # 20924], and JOHN DOE
AND JANE DOE (the names John and
Jane Doe being fictitious, as the true names
are presently unknown),
                Defendants.
------------------------------------------------------------------X

Plaintiff, JASMIN LOPEZ, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Dana K. Ladson [Shield # 10196], P.O. Jamal I. Moye [Shield # 20924], and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

## THE PARTIES

2. Plaintiff is and was at all times material herein a resident of Brooklyn, County of Kings, City and State of New York.

3. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

4. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

5. Defendant P.O. Dana K. Ladson [Shield # 10196] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

6. Defendant P.O. Jamal I. Moye [Shield # 20924] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

7. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

8. Defendants Ladson, Moye, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

9. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about March 15, 2020, at approximately 7:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of Mother Gaston Boulevard and New Lots Avenue, Brooklyn, New York, and unreasonably detained the plaintiff for a lengthy period of time thereafter.

11. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

12. Prior to the arrest, plaintiff and her children had visited her friend, Mercedes Thomas, at her nearby residence.

13. After spending time with Ms. Thomas, plaintiff's boyfriend and the father of her children, Lawrence Johnson, drove to the location of the arrest to pick them up and drive them home.

14. Upon arrival, Mr. Johnson legally parked his vehicle and waited for the plaintiff and the children to join him.

15. Immediately thereafter, defendant officers pulled up behind Mr. Johnson's vehicle.

16. Defendant officers then exited their police vehicle and approached Mr. Johnson.

17. Upon approaching Mr. Johnson, defendant officers began to interrogate him asking him several questions including, but not limited to, what he was doing at the location.

18. Mr. Johnson calmly answered the questions and informed defendant officers that he was waiting for his family.

19. As defendant officers continued to interrogate Mr. Johnson, plaintiff and the children came down to join Mr. Johnson.

20. Plaintiff opened the rear passenger door of the car for the children, and the children entered the back seat of the car.

21. As plaintiff attempted to open the front passenger door to enter the car, defendant officers forcibly grabbed her by her wrist pulling her back.

22. Defendant officers blocked plaintiff from opening the door and/or entering the car.

23. Plaintiff was caused to sustain injuries because of the conduct of defendant officers.

24. Plaintiff enquired as to what was going on.

25. Defendant officers ignored the plaintiff and did not respond to her inquiry.

26. Plaintiff attempted to record the incident/encounter on her cell phone.

27. Defendant officers forcibly snatched away the cell phone from the plaintiff and seized her cell phone.

28. Defendant officers subsequently removed the plaintiff's children from the vehicle and proceeded to illegally search the vehicle trashing and damaging the vehicle in the process.

29. Defendant officers' illegal and warrantless search of the vehicle did not yield any contraband.

30. After detaining the plaintiff at the scene for a lengthy period of time, defendant officers caused a legal process to issue against the plaintiff charging her with various crimes including N.Y. PL 240.20 'Disorderly conduct'.

31. Plaintiff was eventually released from her unlawful detention but was required to return to the criminal court to defend the false charge(s) levied against her.

32. On or about April 28, 2021, the false charge(s) levied against plaintiff was dismissed and sealed.

33. The New York City Civilian Review Complaint Board ("CCRB") subsequently reviewed the conduct of the defendant officers and substantiated most of the allegations against them.

34. Pursuant to its letter dated March 23, 2022, documenting its findings, the CCRB concluded that the defendant officers abused their authority by, among other things, snatching and seizing the plaintiff's cell phone and thereby interfering with her recording of the incident, issuing a retaliatory legal process to the plaintiff, illegally searching, trashing, and damaging the vehicle and plaintiff's properties, and threatening and harassing the plaintiff.

35. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

36. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

37. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

<u>FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers</u>

38. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

4

39. Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

40. The conduct of defendant officers, as described herein, amounted to false arrest.

41. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

42. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. Defendant officers forwarded to the prosecutors their falsified records and statements.

45. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

46. Plaintiff was arraigned on a complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

47. Plaintiff was required to, and did, appear in court to defend herself from the false charge(s) levied against her with malice by defendants.

48. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

49. Eventually, the criminal proceedings terminated in plaintiff's favor.

50. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

51. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

52. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

53. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

55. The plaintiff was deprived of her liberty as a result.

56. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

57. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

59. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of her person and property.

61. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

62. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

63. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

64. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. The conduct of defendant officers, as described herein, amounted to excessive use of force.

66. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

67. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

68. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. Defendant officers routinely engage in racial profiling, and refused to conduct any investigations concerning the plaintiff's complaints simply because she is a member of a racial/ethnic minority group.

70. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

72. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. Defendant officers arrested the plaintiff, seized her cell phone, and issued her with a legal process in retaliation for questioning their conduct on March 15, 2020.

74. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

75. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: MALICIOUS ABUSE OF PROCESS - against defendant officers

76. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77. Defendant officers caused a legal process to issue against the plaintiff to punish her for questioning their conduct on March 15, 2020 and to force the plaintiff to expend her time and resources in defending the false charge(s) levied against her.

78. Plaintiff was required to, and did, appear in court to defend herself from the false charge(s) levied against her with malice by defendants.

79. Because of the conduct of the defendants, plaintiff was forced to expend her time and resources in defending the false charge(s) levied against her.

80. Eventually, the criminal proceedings terminated in plaintiff's favor.

81. The conduct of defendant officers, as described herein, amounted to malicious abuse of process.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

85. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

86. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

87. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

88. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 87 of this complaint as though fully set forth herein.

89. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when

probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

90. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

91. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

92. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

93. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

94. Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including the defendant officers, routinely harass individuals who are members of various racial/ethnic minority groups and have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See, e.g.*, *Eddie Hoover v. City of New York* (21 CV 2484); *Mike Josie v. City of New York* (21 CV 2486); *Shaheim Rogers v. City of New York* (19 CV 3360); *Sianna Stewart v. City of New York* (18 CV 4841).

95. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the

police officers falsely arrested the plaintiffs without probable cause. *See, e.g.*, *Tiara Weber v. City of New York* (22 CV 4518); *Tony Holley v. City of New York* (21 CV 4682); *Dwayne Holley v. City of New York* (21 CV 4681); *Bilal Jacks v. City of New York* (20 CV 1012); *Trevonne King v. City of New York* (19 CV 3361); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

96. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

97. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

98. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

99. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, the excessive use of force and the right to due process.

100. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and

usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

ELEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

101. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving her of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

103. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

104. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

105. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## TWELFTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

106. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 105 of this complaint as though fully set forth herein.

107. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

108. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## THIRTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

109. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

111. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

112. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

114. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

115. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

116. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 115 of this complaint as though fully set forth herein.

117. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

118. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

119. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

120. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

121. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

122. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
April 12, 2023

UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
Ugochukwu Uzoh
Attorney for the Plaintiff
56 Willoughby Street, Third Floor
Brooklyn, N.Y. 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com